IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § § | |
| v. | § § § | Civil Action No.  6:11-cv-52 |
| MOUNT VERNON MILLS, INC., | § § | **COMPLAINT** **JURY TRIAL DEMAND** |
| Defendant. | § | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, female, and to provide appropriate relief to Amber J. Love, who was adversely affected by such practices. The Equal Employment Opportunity Commission (the "Commission") alleges that Defendant, Mount Vernon Mills, Inc. ("Mount Vernon") discriminated against female employee Amber J. Love by subjecting her to a sexually hostile work environment. Sexual harassment to which Ms. Love was subjected included, but was not limited to offensive verbal harassment, unwelcome physical touching and propositions to have sex with other employees, all in violation of Section 703(a) of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Victoria Division.

## PARTIES

3.      Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Mount Vernon, has continuously been a Texas corporation doing business in the State of Texas and the City of Cuero, and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant, Mount Vernon, has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Amber J. Love filed a charge with the Commission alleging violations of Title VII by Defendant, Mount Vernon.

7.      All conditions precedent to the institution of this lawsuit have been fulfilled.

8.      Since at least October 2009, Defendant, Mount Vernon, engaged in unlawful employment practices at its Cuero, Texas, facility, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a). Among other things, Defendant subjected Amber J. Love to a hostile environment of sexual harassment including, but not limited to:

   a.   Ms. Love, then eighteen (18) years old, was assigned to work the night shift with two older male co-workers, in an area that was isolated from the rest of the plant;

  b.  Ms. Love was asked by her male co-workers to go down into the basement to have sex and made other sexual propositions;

  c.  Ms. Love's male co-workers invaded her privacy and assaulted her physically by grabbing and rubbing intimate areas her body;

  d.  Ms. Love's male co-workers intimated that they could have sex with her as they had with other women; and

  e.  Ms. Love's male co-workers talked of their own genitalia, commented on Ms. Love's breasts and asked for her to show them her bra.

  9.  Ms. Love reported this harassment to Foremen, Managers and Human Resources but Defendant, Mount Vernon, despite actual and constructive notice of the situation, failed and refused to take prompt and appropriate action to correct the harassment and the resulting hostile environment.

  10.  The effect of the practices complained of in paragraphs eight (8) and nine (9) above has been to deprive Amber J. Love of equal employment opportunities and to otherwise adversely affect her status as an employee because of her sex, female.

  11.  The unlawful employment practices complained of in paragraphs eight (8) and nine (9) above were intentional.

  12.  The unlawful employment practices complained of in paragraphs eight (8) and nine (9) above were done with malice or with reckless indifference to the federally protected rights of Amber J. Love.

### **PRAYER FOR RELIEF**

  Wherefore, the Commission respectfully requests that this Court:

  A.  Grant a permanent injunction enjoining Defendant, Mount Vernon, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with

them, from engaging in sexual harassment, and any other employment practice which discriminates on the basis of sex, female;

    B.    Order Defendant, Mount Vernon, to institute and carry out policies, practices, and programs, which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices;

    D.    Order Defendant, Mount Vernon, to make whole Amber J. Love, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs eight (8) and nine (9) above, including, but not limited to, medical expenses, in an amount to be determined at trial;

    E.    Order Defendant, Mount Vernon, to make whole Amber J. Love by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraphs eight (8) and nine (9) above, including, but not limited to, emotional pain, suffering, humiliation, anxiety, inconvenience, mental anguish, and loss of enjoyment of life, in an amount to determined at trial;

    F.    Order Defendant, Mount Vernon, to pay Amber J. Love punitive damages for engaging in discriminatory practices with malice or reckless indifference to Amber J. Love's federally protected rights as described in paragraphs eight (8) and nine (9) above, in an amount to be determined at trial;

    G.    Grant such further relief as the Court deems necessary and proper in the public interest; and

    H.    Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

          Respectfully submitted,

          P. DAVID LOPEZ
          General Counsel

          JAMES L. LEE
          Deputy General Counsel

          GWENDOLYN YOUNG REAMS
          Associate General Counsel

          /s/ Robert A. Canino by permission
          Patrick M. Connor
          _____
          ROBERT A. CANINO
          Regional Attorney
          Oklahoma State Bar No. 011782

          /s/ Judith G. Taylor by permission
          Patrick M. Connor
          _____
          JUDITH G. TAYLOR
          Supervisory Trial Attorney
          Texas Bar No. 19708300
          Federal ID No. 14850
          E-mail:  judith.taylor@eeoc.gov


          /s/ Patrick M. Connor
          _____
          PATRICK M. CONNOR
          Trial Attorney
          Texas State Bar No. 24076165
          Federal ID No. 1113118
          E-mail:  patrick.connor@eeoc.gov
          Attorney-In-Charge

                EQUAL EMPLOYMENT OPPORTUNITY
                COMMISSION
                San Antonio Field Office
                5410 Fredericksburg Road, Suite 200
                San Antonio, Texas 78229-3555
                Telephone: (210) 281-7636
                Facsimile: (210) 281-7669

                **ATTORNEYS FOR PLAINTIFF**