IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Action No. 6:11-cv-00052 |
| MOUNT VERNON MILLS, INC., | § § § | |
| Defendant. | § | |

## CONSENT DECREE

THIS CONSENT DECREE is made and entered into by and among the Equal Employment Opportunity Commission ("the EEOC"), the EEOC-Intervenor, Amber Love ("Intervenor") and the Defendant, Mount Vernon Mills, Inc., ("Defendant") (collectively referred to as the "Parties"). The Parties agree that this Consent Decree resolves the allegations raised by the EEOC and Intervenors in the above-referenced Civil Action No. 6:11-cv-00052.

The EEOC initiated this lawsuit under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, female, and to make whole Amber Love, who was adversely affected by such practices, including but not limited to violation of 42 USC 704(a), the provision prohibiting retaliation. The EEOC and Intervenor allege that Defendant violated Title VII by subjecting Amber Love to harassment and a hostile working environment, and by suspending her and terminating her employment in retaliation for opposing discriminatory treatment based on her sex, in violation of §704(a) of Title VII. Amber Love intervened in the EEOC's lawsuit and the allegations contained in the Intervenors' Complaint-in-Intervention are as follows: in or around October of

2009 and continuing until her termination, Amber Love was subjected to sexual harassment and a hostile working environment, and she was suspended and terminated in retaliation for complaining about the sexual harassment. She reported the repeated incidents of sexual harassment to multiple Defendant Managers and the Human Resources Manager. Defendant has denied the allegations contained in the EEOC's lawsuit, as well as allegations contained in Intervenor's Complaint.

The EEOC, Intervenors, and Defendant wish to settle this action, without the necessity of further litigation, pursuant to the terms delineated in this Decree. The Consent Decree is entered for the sole purpose of avoiding the expenses associated with this litigation and is not an admission or concession on the part of any party.

NOW, THEREFORE, in consideration of the mutual promises and agreements between the Parties, as set forth herein, the sufficiency of which is hereby acknowledged, the Parties request and the Court agrees to ORDER, ADJUDGE AND DECREE as follows:

1. The Parties agree that this Court has jurisdiction of the subject matter of the claims and causes of action asserted by the EEOC and Intervenors against Defendant, venue is proper, and all administrative prerequisites to the EEOC and Intervenors' filing have been met.

2. The Parties agree that this Consent Decree resolves all issues raised in the EEOC's Complaint and the Complaint-in-Intervention in this case. The EEOC waives further litigation of all claims raised in its Complaint and/or Charge of Discrimination No. 846-2010-17869C, and Intervenor waives further litigation of all claims raised in Intervenor's Complaint-in-Intervention. The EEOC expressly reserves its right, however, to process and litigate any other charges which may now be pending or may in the future be filed against Defendant.

3. During the term of this Consent Decree, Defendant, its officers, successors,

assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with them, are hereby enjoined from engaging in sexual harassment, including sexual harassment culminating in a constructive discharge, and any other employment practice which discriminates on the basis of sex, female.

4. During the term of this Consent Decree, Defendant, its officers, successors, assigns, agents, servants, employees, attorneys, and all persons in active concert or participation with them, are hereby enjoined from engaging in any form of retaliation for conduct protected by Title VII.

5. If the EEOC has reasonable cause to believe that Defendant has violated a specific term or provision of this Consent Decree including, but not limited to, paragraphs three (3) and four (4), it shall provide written notice of the alleged violation to Mount Vernon Mills as soon as reasonable practical after the discovery of the alleged violation and prior to taking any action thereon (the "Notice of Alleged Violation"). The Notice of Alleged Violation shall include the Paragraph(s) of this Consent Decree alleged to be violated and a statement of the specific facts and circumstances relied upon as the basis of the EEOC's claim of violation. Defendant shall have thirty (30) days from receipt of the Notice of Alleged Violation to respond to the EEOC regarding the alleged violation, during which time the EEOC shall not undertake any enforcement action. The thirty (30) day period may be extended by written agreement executed by the EEOC and Defendant, and neither party will unreasonably withhold an agreement to extend. If the EEOC and Defendant are unable to resolve their dispute regarding the alleged violation, then the parties shall agree to submit the matter to a mutually agreed upon mediator in an attempt to resolve the matter prior to the EEOC taking any enforcement action. Such mediation shall take place within sixty (60) days. Only if mediation is unsuccessful in resolving

the matter will the EEOC seek enforcement of this Consent Decree with respect to the alleged violation in the United States District Court for the Western District of Texas, Austin Division.

Notice as called for in this provision shall mean written notice to Gary Williams, V.P. of Human Resources, at 503 S. Main Street, Mauldin, S.C. 29662.

6..     Defendant shall, in settlement of this dispute, pay a total sum of $70,000 (Seventy Thousand Dollars), which will be paid on or before September 17, 2012, to Amber Love and her attorney.

7.     Within six (6) months from the entry of this Consent Decree, Defendant shall provide at least two (2) hours of training on sexual harassment to all its officials, managers and supervisors at the Cuero, Texas facility. The training shall explain that discrimination on the basis of sex, in particular that sexual harassment violates Title VII and about the prohibition against retaliating against employees who report discrimination; it shall instruct what conduct may constitute a violation of Title VII; and explain the damaging effects discrimination causes to victims, their families and co-workers, and the workplace environment. Within twenty (20) days after the training has been completed, Defendant shall provide to the EEOC certification that the training has been completed, identifying each individual who attended the training and the date.

8.     In addition, Defendant shall include in the orientation of all new employees at the Cuero, Texas facility, the viewing of a training video on sexual harassment, as well as a review of Defendant's policy on sexual harassment, and training on how to report sexual harassment.

9.     During the term of this Consent Decree, the EEOC shall have the right to ensure compliance with the terms of this Consent Decree and may upon reasonable, 14 days, written notice to Defendant:

    (a)     Conduct inspections at Defendant's facility in Cuero, Texas;
    (b)     Interview employees at its Cuero, Texas facility; and

(c) Examine and copy relevant documents maintained at the Cuero, Texas facility.

10. Defendant shall bear the costs associated with administering and implementing the provisions of this Consent Decree.

11. The terms of this Consent Decree shall be binding upon the EEOC, Intervenors, and Defendant, their respective agents, officers, employees, servants, successors, and assigns, as to the issues resolved herein.

12. The duration of this Consent Decree shall be two (2) years from the date of its entry with the Court. The Parties agree that the Court shall retain jurisdiction of this case during the term of this Consent Decree to enforce compliance and to take any action necessary and/or appropriate for its interpretation, execution, modification and/or adjudication of disputes.

13. The parties to this Consent Decree shall bear their own costs and attorney's fees incurred in this action as of the date of entry of this Consent Decree by the Court.

14. When this Consent Decree requires the submission by Defendant of documents or other materials to the EEOC, such documents or other materials shall be mailed to Judith G. Taylor, Supervisory Trial Attorney, United States Equal Employment Opportunity Commission, San Antonio Field Office, 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229.

**SO ORDERED AND ENTERED** this 27th day of September, 2012.

_____
HONORABLE GREGG COSTAS
UNITED STATES DISTRICT JUDGE

AGREED TO AS TO FORM AND SUBSTANCE:

| **ATTORNEY FOR DEFENDANT:** | **ATTORNEYS FOR PLAINTIFF:** |
|---|---|

s/ Thomas A. Bright
Thomas A. Bright
Admitted *Pro Hac Vice*
South Carolina Bar No. 884
USDC - Fed Court ID #1476
OGLETREE, DEAKINS, NASH
SMOAK & STEWART, P.C.
The Ogletree Building
300 North Main Street, Suite 500
Greenville, SC 29601
Telephone: (864) 271-1300
Facsimile: (864) 242-0037
E-mail: Thomas.Bright@ogletreedeakins.com
Attorney-in-Charge

s/Robert A. Canino
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

s/Judith G. Taylor
JUDITH G. TAYLOR
Supervisory Trial Attorney
Texas State Bar No. 19708300
Federal ID No. 14850
E-mail: judith.taylor@eeoc.gov

**ATTORNEYS FOR INTERVENOR:**

s/Patrick M. Connor
PATRICK M. CONNOR
Trial Attorney
Texas State Bar No. 24076165
Federal ID No. 1113118
E-mail: patrick.connor@eeoc.gov
Attorney-in-Charge

s/Kell A. Simon
KELL A. SIMON
Texas Bar No. 24060888
So. Dist. No. 827915
TERRY, SIMON & KELLY, PLLC
701 Brazos Street, Suite 500
Austin, Texas 78701
Telephone: (512) 391-1955
Facsimile: (512) 588-1726
E-mail: kell@tsklawfirm.com
Attorney-in-Charge

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Antonio Field Office
5410 Fredericksburg Road, Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7636
Facsimile: (210) 281-7669